WILLIAM E. WOOD & COMPANY. *vs.* WILMINGTON CONFERENCE
ACADEMY.

Kent County, April Term, 1895.

**Mechanics' Lien.**—A mechanics' lien on a building cannot attach to the ground
after the building is destroyed.

In this case the statement was filed January 25th, 1875, and
the affidavit of defence April 28th, 1875. On April 20th, 1895,
an agreement of counsel was filed as follows:

"And now, to wit, this 20th day of April, A. D. 1895, it is
stipulated and agreed by and between the attorneys for the plain-
tiff and defendant, respectively, in the above stated case that the
building or structure, to wit, the Conference Academy Building for
which the labor and materials were furnished by the plaintiff (and
to secure the payment wherefor and a lien therefor under the
statute the said suit was instituted) was wholly consumed and de-
stroyed by fire on the 10th day of March, A. D. 1876, so that the
said building or structure for the erection and construction whereof
said materials were furnished and labor performed (which constitute
the predicate of said suit) no longer exists."

Upon this statement of fact question was submitted to the
Court whether there could be any lien upon the land after the
destruction of the building.

*Massey*, for the plaintiff, contended that with the destruction
of the building the lien was lost and could not exist as against land
alone; *Carter vs. Humboldt Fire Ins. Co.*, 12 Ia. 287–92; *Codding-
ton vs. Dry Dock Co.*, 31 N. J. L. 477; *Presbyterian Church vs.
Stettler*, 26 Pa. 245; *Wigton vs. Brooks*, 28 *id.* 161.

*Day*, for the defendant, *contra*.

PER CURIAM.—It appearing from the agreement of counsel
as to the fact that the building was destroyed it is clear upon the
authorities that no lien could attach to the land thereafter. No
judgment can, therefore, be given upon the statement filed.